UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

JULIE SU,

      Plaintiff,                     Case No. 23-CV-513-WMC

-vs-

UMR, INC.,                        Madison, Wisconsin
                                   November 1st, 2023
      Defendant.                2:03 p.m. - 2:20 p.m.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

STENOGRAPHIC TRANSCRIPT OF PRELIMINARY PRETRIAL CONFERENCE
HELD BEFORE MAGISTRATE JUDGE STEPHEN L. CROCKER
(*Transcribed from Digital Recording.*)

APPEARANCES:

For the Plaintiffs:
        U.S. Department of Labor
        BY:  KEVIN WILEMON
            LYDIA FAKLIS
        230 South Dearborn Street, Room 844
        Chicago, Illinois 60604

For the Defendant:
        Gibson Dunn & Crutcher, LLP
        BY:  GEOFFREY SIGLER,
            TOMMY McCORMAC
            ANDREW KILLBERG
        1050 Connectifcut Avenue N.W., Suite 1025
        Washington, DC 20036

        Bell Giftos St. John, LLC
        BY:  KEVIN ST. JOHBN,
        5325 Wall Street, Suite 2200
        Madison, Wisconsin 53718

PHILIP C. HARRELSON, RMR, CRR
United States District Court Reporter
120 North Henry Street
Madison, Wisconsin 53703
1-608-261-5708
***

1      (Proceedings called to order at 2:03 p.m.)

2      THE COURT:  Good afternoon.  This is Magistrate Judge

3  Crocker.  I understand I have the attorneys for the parties in

4  the Department of Labor lawsuit against UMR Inc.  We're online

5  for a telephonic pretrial conference.  The recorder is on.  The

6  case number is 23-CV-513-WMC.

7      Let's begin with appearances, please.  Who do we have on

8  behalf of DOL today?

9      MS. FAKLIS:  Good afternoon, Your Honor.  This is Lydia

10  Faklis, F-A-K-L-I-S, on behalf of the Department of Labor.

11      MR. WILEMON:  And, Your Honor, this is Kevin Wilemon,

12  W-I-L-E-M-O-N, also on behalf of the Department of Labor.

13      THE COURT:  All right, Counsel.  Good afternoon to you.

14  Both of you.  Which of you has the point position today on

15  calendaring?

16      MS. FAKLIS:  Your Honor, this is Lydia Faklis.  I should be

17  able to handle most of the questions today.

18      THE COURT:  Okay.  Fair enough.

19      And, Mr. Wilemon, if you need to chime in, don't be shy;

20  okay?  Who --

21      MR. WILEMON:  Yes, Your Honor.  Thank you.

22      THE COURT:  Who we got on behalf of the defendant today,

23  please?

24      MR. SIGLER:  Your Honor, this is Jeff Sigler, S-I-G-L-E-R,

25  with Gibson Dunn.  I'm joined by my colleagues Tommy McCormac and

1    Andrew Kilberg, and our local counsel from Bell Giftos, Kevin St.

2    John, and I will be taking the lead for us today.

3         THE COURT:  Understood.  Thank you.

4         And, Counsel, good afternoon to all of you.

5         All right.  I'd like to keep this relatively informal but

6    informative.  It's mainly about calendaring, but I also want to

7    address the dispute over whether to stay discovery and so forth.

8    I'm going to start at the end with the trial date and then

9    explain how we got there from here.  But the first date that

10   Judge Conley has available for what's predicted to be up to a

11   14-day civil trial is not until March 10 of 2025.  So I want you

12   to all start scrolling there.

13        And then, Ms. Faklis, I'll check in with you and,

14   Mr. Sigler, with you to see if that date's going to work with

15   each team, but we calendar Judge Conley aggressively with the

16   limitation that we don't put big complicated cases on top of each

17   other.  We have to allow a little bit of breathing room between

18   them.

19        I don't know if any of you are -- have encountered the

20   class-action boom that has risen relatively recently, but we've

21   got a lot of class-action lawsuits and a fair share of patent

22   lawsuits going all the way into 2025 through October.  So I have

23   to thread the needle here and find you a set of dates that

24   actually would work for you if this case does go to trial, and I

25   think we all have to assume today that it will.

1    And the first date that meets the judge's criteria is not

2    until March 10 of 2025, which I acknowledge is later than either

3    side suggested you would be trial-ready.

4    So with that as the back story, Ms. Faklis, how does March

5    10, 2025, look for the government for what could be a 14-day

6    trial?

7    MS. FAKLIS:  Your Honor, March 10th, 2025, is -- is a good

8    date with the government.  Thank you.

9    THE COURT:  All right.  Thank you.

10    Mr. Sigler, how does that look for the defendant's team?

11    MR. SIGLER:  I believe that should work as well for us, Your

12    Honor.

13    THE COURT:  Okay.  Thank you.

14    And, Mr. Sigler, let's stick with you.  I know that the

15    government did not ask for a jury trial here in their JS-44, and

16    I cannot imagine that the defendant wants a jury on any of this,

17    but I don't want to assume anything incorrectly.  Would you agree

18    that this would be a bench trial, or is there some phase that you

19    would like a jury to hear?

20    MR. SIGLER:  We don't have any current request for a jury

21    trial, Your Honor.  But, of course, we're still learning about

22    the nature of the plaintiff's claims, and there's an ongoing

23    motion to dismiss.  So if anything changes, we would certainly

24    let the Court know as quickly as possible.

25    THE COURT:  Understood.  And I appreciate that.  It would

1    not change the trial date, but I want to make sure that I tee up

2    the pretrial conference order correctly.  So we'll set this up

3    for a bench trial with Judge Conley March 10, 9 o'clock start.

4    14 days.

5        So let's get there from here, and let's start with that

6    discovery dispute.  We're not going to resolve it today.  This is

7    Judge Conley's prerogative.

8        Again, I know you're all busy.  I don't mean to waste your

9    time telling you things you don't need to know, but the quoted

10   language from the order governing this hearing that the

11   government put into its version of -- of the 26-F report is a

12   result of the district judges abandoning their previous policy of

13   automatically staying discovery when dismissal motions were filed

14   before we actually set the calendar.

15       There's no need to go into detail.  But up until about a

16   couple of months ago, the defendant here -- UMR -- would have

17   automatically gotten a stay of at least three months.  But Judge

18   Conley and Judge Peterson view that as a failed experiment, and

19   they just don't do it anymore.

20       Now, that said, Mr. Sigler, you're certainly entitled to

21   persuade Judge Conley that this case is the exception, and I

22   expect you'll be filing a motion to that effect, and you'll

23   probably be cutting and pasting some of the arguments you made in

24   your 26-F report to the Court.

25       Then, Ms. Faklis, the secretary will get a chance to respond

1    in opposition, and I assume that Judge Conley will make his

2    decision probably based on his review of the motion to dismiss,

3    but he won't wait until he rules on the motion to dismiss.

4    That's pointless.  And, frankly, I don't think you can expect a

5    ruling on that in the next several months.  It usually takes at

6    least three months after the reply brief comes in, and that's not

7    going to come in until, I think, next Monday, November 6th.  But

8    the point is maybe it will happen here, but it isn't happening

9    today.  So there is no stay at this point, but UMR can certainly

10   ask for a stay.  And once the judge has heard from both sides,

11   he'll either decide directly, or he'll delegate it to me with

12   some instructions about what he wants to see have happen.

13        Mr. Sigler, any questions about that today?

14        MR. SIGLER:  No, Your Honor.  Thank you for those comments.

15   We understand.

16        THE COURT:  Okay.  Fair enough.

17        Ms. Faklis, any questions from the government today on that?

18        MS. FAKLIS:  No, Your Honor.

19        THE COURT:  Okay.  Fair enough.  Then let's keep going.

20        Thank you for a very thorough and helpful 26-F report.  I've

21   already referred to it a couple of times, and the chart that

22   you've proposed was very helpful, but we're going to default to

23   what your district judge likes to do.

24        And, again, simply to be transparent, in cases like this, we

25   start with a trial date, and then most of the other dates back

out of the trial date to give Judge Conley the sorts of deadlines
that work best for him and for his chambers.  Now, one exception
that I'm going to make in your favor is that I am going to give
you longer response-reply deadlines on dispositive-motion
briefing.  It's usually 2110 here.  In cases like this, we can go
longer.  So we'll go with 28/21.

And, again, just sort of an aside, I will enter a separate
text-only order to that effect this afternoon.  That's to flag it
for the Clerk's Office.  To be honest, nobody in the courthouse
goes back and rereads the pretrial conference order to see what
it might have said that's different from the standard template.
So when one side or the other files your summary judgment motion,
the Court's computer automatically is going to set up a 2110
response reply cycle.  I just want to flag for the Clerk's Office
today that, in this case, it's going to be a 28/21.

The reason that's relevant today is we have to back out of
that March 10 trial date far enough that these motions, assuming
they go in both directions, are under advisal to Judge Conley and
his chambers sufficiently in advance of the deadlines that he
uses as backstops to make sure the motions get out; okay?  So,
again, there's a method to -- behind all of this.  It doesn't
really matter why it's the method.  It's Judge Conley's method,
and he's in charge.

So that said, let's go forward from today.  Amendments to
the pleadings -- I understand nobody's planning on that.  You're

1    reserving your rights under Rule 15.  That's fine.  You're

2    certainly entitled to that.  But because we've got that pending

3    dismissal motion and because none of us knows when the judge will

4    rule on that, the order will simply indicate that any amendments

5    would be by leave of court.

6        Now, obviously, we don't even have an answer yet from UMR.

7    You don't need leave of court to do that.  But the point is I'm

8    not going to give you a date certain to do anything, because

9    there isn't a date certain by which we will know something needs

10   to be done.

11       Let's continue.  I'm going to jump ahead to your dispositive

12   motion deadline then back up to expert disclosure deadlines.

13   Giving you the 28/21 response-reply cycle, giving Judge Conley

14   the sort of gap he needs for the motions being under advisal and

15   the March 10 trial date.  Everybody may have until August 16 of

16   2024 to file any sort of a dispositive motion.  Obviously, within

17   the constraints of Rule 56D, if you're ready early, you can file

18   early, but you've got until mid-August if you want.

19       Now, backing out of that, I tried to give you the sorts of

20   expert disclosure deadlines that you were suggesting in your

21   chart to the Court.  So the order will indicate that the

22   proponent of an expert will disclose by May 3 of 2024.  The

23   respondent by June 3 of 2024.

24       And I don't know that those are the terms you use, but I

25   think it's fairly self-evident that if you are the party with the

1    burden of persuasion on which the expert is offering an opinion,

2    you are the proponent.  In a two-way case, if you're not the

3    proponent, then you're the respondent and you get the June 3

4    deadline.

5        One more point.  The Court does not care too much about how

6    you handle discovery.  We try to stay out of your way.  We try to

7    let the parties do what you want to do.

8        Now, obviously we've already got a dispute about the

9    retrospective discovery, and the Court will resolve that.  The

10   reason I'm mentioning this now is if, after we hang up the phone,

11   you all decide mutually -- both the government and UMR -- that

12   you don't like these expert-disclosure deadlines, talk to your

13   clients, talk to your colleagues, then talk across party lines.

14       And you can change that because that does not affect Judge

15   Conley's ability to do what he needs to do.  We really want you

16   to be able to take discovery the way you want to and need to with

17   the Court refereeing the disputes you cannot resolve between

18   yourselves.  But that said, it's going to be May 3 and June 3 in

19   the order.

20       All right.  We've already set that dispositive-motion

21   deadline, again, using Judge Conley's template, but also trying

22   to avoid heavy lifting over the holidays.  December 20 of 2024

23   will be when discovery completely ends.

24       Now, I know the government suggested a fact discovery cutoff

25   somewhere in the middle.  We don't do that here.  If both sides

1    agree you want some sort of an intermediate deadline, you -- you

2    may agree to one.  I don't think that's going to happen here, and

3    the Court would not do that unless both sides wanted it.  We

4    trust experienced, sophisticated attorneys and law firms to

5    sequence your discovery so that you get what you need when you

6    need it so that you can use it the way that you want to use it.

7        All right.  Understanding that you don't see the need for

8    settlement letters here -- and, certainly, the Court appreciates

9    the fact that there's an ongoing dialogue about trying to make

10   this case go away -- just perhaps out of force of habit, and

11   because Judge Conley likes this, we are going to put a

12   settlement-letter deadline on the day discovery ends, December 20

13   of 2024.  But let's face it, that's a long ways from now.  If we

14   get there from here and you don't think it's going to do any

15   good, you can certainly let the Court know.  We're not wed to the

16   idea.  But at least for today's purposes, notwithstanding your

17   suggestion, we are going to put it in the calendar.

18       Let's jump past the holidays back into 2025.  Again, giving

19   Judge Conley what he's looking for, motions *in limine* and any

20   26(a)(3) materials, all the usual stuff for the final pretrial

21   conference must be filed by January 17 of 2025.  This is as good

22   a place as any to mention that there will be a number of fairly

23   detailed, some might say "tedious," attachments to the pretrial

24   conference order.  One of them sets forth the submissions that

25   Judge Conley expects from the parties in anticipation of a final

1    pretrial in a bench trial, and it's an extensive list.  So if you

2    get there from here, make sure you read that probably before

3    Christmas so that you know what to do and when to do it.

4         February 7 would be the deadline for responsive submissions.

5    And, again, we're in 2025, and the list would be in that same

6    attachment to the pretrial conference order.

7         Judge Conley does hold final pre-trials in his bench trials.

8    He finds them useful to everybody involved.  He also, lately, has

9    taken to scheduling two final pretrial conferences, which sounds

10   like an oxymoron, but let's play out the hand one card at a time.

11        Your actual first final pretrial conference will be

12   February 25 of 2025 at 2:30 in the afternoon.  I would expect

13   that notwithstanding the complexity of this case, you will finish

14   all your business at that hearing with the judge, and that would

15   be in person, presumptively.  However, what Judge Conley has

16   experienced in his complicated cases is that as often as not, he

17   and the parties do not finish all their business at that hearing,

18   and loose ends need to be tied off.  So he has taken to

19   calendaring a second final pretrial conference a week later so

20   that everybody is available if needed to come back to Court

21   and -- and take care of the business that is left over.

22        So March 4 of 2025 at 2:30 is the second final pretrial

23   conference.  And you won't know until February 25 if you actually

24   have to be here then, but at least you'll have the time blocked

25   off.

1    That circles us back to the March 10, 2025, trial date,

2    which we already have confirmed.  That covers all of the dates.

3    That covers all of the topics that I had on my brief agenda.  I

4    guess the only other thing I should mention, which is common

5    sense, but it's something that is breached as often as not,

6    somebody on each team should at least read the pretrial

7    conference order and the attachments to it.  It's all fairly

8    commonsensical, but there's really no substitute for looking at

9    what Judge Conley and what this Court actually wants from you

10   rather than assume something and turn out to be wrong; okay?

11        With that, let's check in with each team one more time, then

12   I'm going to let you all go.

13        Ms. Faklis, anything else today -- calendaring or

14   otherwise -- before we call it an afternoon?

15        MS. FAKLIS:  I don't have anything else, Your Honor.

16        THE COURT:  All right.  Well, thank you for your input.

17        Mr. Sigler, then, anything else on behalf of the defendant

18   today?

19        MR. SIGLER:  No, Your Honor.  Nothing at this time.  Thank

20   you for your guidance today.

21        THE COURT:  Okay.  Well, you're all very welcome.  Thank

22   you.  Please enjoy the rest of your day.  We are done.

23              (Proceedings concluded at 2:20 p.m.)

24                            ***

25

1  I, PHILIP C. HARRELSON, Certified Realtime and Merit Reporter in and

2  for the State of Wisconsin, certify that the foregoing is a true and

3  accurate record of the digitally recorded proceeding held on the 1st

4  day of November 2023, before the Honorable Stephen L. Crocker,

5  Magistrate Judge for the Western District of Wisconsin, transcribed

6  to the best of my ability and reduced to writing in accordance with

7  my stenographic notes made at said time and place.

8

9

10

11

12                                        Dated this 29th day of November, 2023.

13

14

15

16

17                                             /s/ Philip C. Harrelson

18                                        Philip C. Harrelson, RMR, CRR
                                          Federal Court Reporter

19

20

21

22

23

24

25  The foregoing certification of this transcript does not apply to any
    reproduction of the same by any means unless under the direct coal
    and/or direction of the certifying reporter.