UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **VINCENT N. MICONE, III**,[1] | ) | |
| Acting Secretary of Labor, | ) | |
| United States Department of Labor, | ) | **CIVIL ACTION NO. 23-CV-00513** |
| | ) | |
| Plaintiff, | ) | |
| | ) | District Judge William M. Conley |
| v. | ) | |
| | ) | |
| **UMR, INC.,** | ) | Magistrate Judge Anita M. Boor |
| | ) | |
| Defendant. | ) | |

**ACTING SECRETARY OF LABOR'S MEMORANDUM OF LAW IN SUPPORT OF HIS UNOPPOSED MOTION TO APPROVE THE CONSENT ORDER AND JUDGMENT**

I.   **INTRODUCTION**

Plaintiff Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), herein submits this memorandum in support of the *Acting Secretary's Unopposed Motion to Approve Consent Order and Judgment*, in order to show why the Court should grant said motion.[2]

II.  **BACKGROUND**

On July 31, 2023, the Acting Secretary filed a Complaint against UMR alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, related to UMR's processing of emergency room ("ER") claims under the "True ER Policy" and urinary drug screening ("UDS") claims under the "UDS Protocol." The

---

[1] By operation of law, Vincent N. Micone, III is substituted *sub nom.* for former Acting Secretary of Labor Julie A. Su. *See* Fed. R. Civ. P. 25(d).

[2] As identified in the Motion, the parties have conferred regarding the filing of this Motion. Defendant UMR agrees that the Court should enter the Consent Order and Judgment, and therefore does not oppose the Acting Secretary's motion. However, Defendant UMR's non-opposition to the Motion should not be construed as agreement with all statements in the Acting Secretary's Motion and Memorandum in Support.

proposed Consent Order and Judgment provides that UMR shall pay or cause to be paid at least $20,250,000 to resolve the Acting Secretary's claims in the Complaint.

The proposed Consent Order and Judgment provides monetary relief for affected participants and beneficiaries with a Covered UDS Claim, including a Baseline UDS Payment of $68.85, with the opportunity for participants and beneficiaries to submit additional documentation to request an Additional UDS Payment of up to $103.27 per Covered UDS Claim.

The proposed Consent Order and Judgment also provides monetary relief for affected participants and beneficiaries with a Covered ER Claim. UMR will reprocess Covered ER Claims for participants and beneficiaries of ERISA covered plans with active contractual relationships with UMR. For participants and beneficiaries of ERISA covered plans without active contractual relationships, UMR will send out notices to participants explaining the opportunity to submit documentation to request a Proven ER Payment up to $353.22 per Covered ER Claim. Additionally, the Consent Order and Judgment provides that UMR no longer uses the "UDS Protocol" or the "True ER Policy" and will not use it unless or until a change in the relevant law or regulations permits use of that protocol.

Defendant UMR and the Acting Secretary, both represented by counsel, all signed the proposed Consent Order and Judgment. For the reasons set forth below, the Acting Secretary respectfully requests the Court approve the proposed Consent Order and Judgment.

## III.     ARGUMENT

A consent decree must (1) resolve a dispute within the court's subject matter jurisdiction; (2) fall within the general scope of the case made by the pleadings; and (3) further the objectives of the law on which the complaint was based. *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996)

(citing *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 525 (1986)). Additionally, the proper standard of review for a proposed consent order or consent judgment involving an enforcement agency, such as the Department of Labor, is whether the consent judgment is "lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985); *see Loc. No. 93, Int'l Ass'n of Firefighters,* 478 U.S. at 525. "The district court may not deny approval of a consent decree unless it is unfair, unreasonable, or inadequate." *Id.* The proposed Consent Order and Judgment meets all of these requirements.

A. **The Consent Order and Judgment is Within the Court's Subject-Matter Jurisdiction, Contains Remedies Within the Scope of the Case, and Furthers ERISA's Objectives.**

The parties' proposed Consent Order and Judgment meets the jurisdictional and remedial requirements necessary for entry of a consent decree. *See Komyatti*, 96 F.3d at 960. First, the Consent Order and Judgment resolves a dispute based on ERISA, which is within this Court's subject-matter jurisdiction. *See* ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); *Solis v. Caro*, 2012 WL 1230824, at *2 (N.D. Ill. Apr. 12, 2012) (district courts have exclusive jurisdiction of civil ERISA actions brought by the [Acting] Secretary). Second, the remedies contained within the Consent Order and Judgment—which requires reimbursement of denied claims and potential additional reimbursements—come within the general scope of the case. *See Komyatti*, 96 F.3d at 960.

Finally, the proposed Consent Order and Judgment furthers ERISA's objectives. The Acting Secretary has a broad public role in enforcing the ERISA statutes and the Department of Labor has authority to seek relief against violators of ERISA. *Sec'y of Lab. v. Fitzsimmons*, 805 F.2d 682, 699 (7th Cir. 1986); *[Sec'y of Lab. Alexis] Herman v. S.C. Nat. Bank*, 140 F.3d 1413, 1423 (11th Cir. 1998) ("[Acting] Secretary must have and use enforcement powers and civil

3

penalties to make ERISA meaningful"). Here, the proposed Consent Order and Judgment addresses both UDS and True ER claims the Acting Secretary pleaded in the Complaint, provides monetary relief in the form of payments to participants and beneficiaries as well as reprocessing of claims, and non-monetary relief by ensuring that UMR no longer uses the UDS Protocol or the True ER Policy unless or until a change in the relevant law or regulations permits use of that protocol. Thus, the proposed Consent Order and Judgment furthers ERISA's objectives by facilitating Defendant's compliance with its provisions.

**B.     The Proposed Consent Order and Judgment is Fair and Reasonable.**

Among the factors identified as relevant to the "fairness" determination are: (1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed. *Hiram Walker & Sons, Inc.* 768 F.2d at 889 (citing *Gautreaux v. Pierce,* 690 F.2d 616, 631 (7th Cir. 1982)) (other citations omitted). The first factor is the most important. *Id.* (citing *Armstrong v. Bd. of School Directors,* 616 F.2d 305, 314 (7th Cir. 1980); *accord Walsh v. Great Atlantic & Pacific Tea Co.,* 726 F.2d 956, 965 (3d Cir. 1983); *Williams v. Vukovich,* 720 F.2d 909, 922 (6th Cir. 1983); *Flinn v. FMC Corp.,* 528 F.2d 1169, 1172 (4th Cir. 1975). While consideration of this factor will require some evaluation of the merits of the dispute, the district court must refrain from reaching conclusions upon issues that have not been fully litigated. *Id.* (citing *Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974); *Patterson v. Stovall*, 528 F.2d 108, 114 (7th Cir. 1976)). The presence of collusion in reaching a settlement is another factor relevant to the fairness determination. *Armstrong*, 616 F.2d at 314. Additionally, early resolution of the matter

4

is an important factor. *See Marmolejo v. Dublin Contractors, Inc.*, No. 19-CV-502, 2020 WL 5821769, at *1 (E.D. Wis. Sept. 30, 2020) ("avoiding drawn-out litigation is in the interest of all parties").

The parties, all represented by counsel, jointly signed the proposed Consent Order and Judgment and represent that the proposed Consent Order and Judgment is the result of good faith settlement negotiations. *United States v. Container Life Cycle Mgmt., LLC*, No. 22-CV-1423-JPS, 2023 WL 4826472, at *5 (E.D. Wis. July 27, 2023) (court considered "competent counsel" in determining the fairness of a consent decree); *United States v. Bayer Healthcare*, LLC., No. 2:07-CV-304-TS, 2007 WL 4224238, at *4 (N.D. Ind. Nov. 28, 2007) ("Counsel for the government and the Defendants are presumed to be competent"). Both parties are satisfied with the final terms set forth in the proposed Consent Order and Judgment. The Consent Order and Judgment will result in monetary relief of at least $20,250,000 to affected participants and beneficiaries of health plans to cover previously denied medical claims.

A consent order or consent judgment should be reasonable, not capricious and in the public interest. A court evaluating a proposed consent order or consent judgment for fairness and reasonableness should, at minimum, assess: (1) the basic legality of the proposed consent judgment; (2) whether the terms of the proposed consent judgment, including its enforcement mechanism, are clear; (3) whether the proposed consent judgment reflects a resolution of the actual claims in the complaint; and (4) whether the proposed consent judgment is tainted by improper collusion or corruption. *SEC v. Citigroup Glob. Markets, Inc.*, 752 F.3d 285, 294-95 (2d Cir. 2014); *accord [Sec'y of Lab. R. Alexander] Acosta v. Bratcher*, 343 F. Supp. 3d 108, 112 (W.D.N.Y. 2018) (discussing the standard for assessing fairness and reasonableness in the context of alleged labor-law violations). Here, the proposed Consent Order and Judgment is

reasonable because the terms are legal and clear, resolve the actual claims alleged in the Complaint, are not tainted by collusion, provide detailed process for implementation of monetary relief, and serve the goals of ERISA.

**C.    The Proposed Consent Order and Judgment is Legally Authorized.**

A consent order and judgment satisfies the first factor "so long as it is within the court's authority to enter the decree and within Plaintiff's authority to enforce it." *United States v. IBM Corp.*, 2014 WL 3057960, at *2 (S.D.N.Y. July 7, 2014). This action was instituted by the Acting Secretary pursuant to his authority to enforce ERISA, 29 U.S.C. § 1132(a)(2) and (a)(5). This authority allows the Acting Secretary to act on behalf of the American public to ensure the integrity of our nations' system of employment benefits under ERISA. It is within the Court's authority to order such relief in the Consent Order and Judgment, and it is within the Acting Secretary's authority to enforce it. The Acting Secretary has determined that the proposed Consent Order and Judgment is in furtherance of the public's interest, which weighs substantially in favor of its approval.

**D.    The Terms of the Proposed Consent Order and Judgment Are Clearly Defined.**

A consent order and judgment satisfies the second factor if "the decree properly define[s] its key provisions." *IBM Corp.,* 2014 WL 3057960, at *3 (internal quotations and citation omitted). The proposed Consent Order and Judgment is sufficiently clear, delineating the relief to be obtained. *Bratcher*, 343 F. Supp. 3d at 112-13 (citing *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)) (granting an ERISA consent order and judgment) ("A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed . . . who must be able to ascertain from the four corners of the order precisely what acts are forbidden.") (citations omitted). The key provisions, including monetary relief for

affected participants and beneficiaries with Covered UDS Claims and Covered ER Claims, are clearly defined and unambiguous. There is a clear process with established timelines for notifying affected participants and beneficiaries regarding the agreed-upon Baseline UDS Payments and explaining the opportunity for the agreed-upon Additional UDS Payments. In addition, there is a clear process with established timelines for reprocessing Covered ER Claims and for notifying relevant participants and beneficiaries of the opportunity to receive the agreed-upon Proven ER Payments. This element is met.

E.     **The Proposed Consent Order Resolves the Claims Alleged by the Acting Secretary Against Defendant UMR.**

A consent order and judgment satisfies the third factor if it "reflects a resolution of the actual claims in the complaint." *Citigroup*, 752 F.3d at 295. Here, the parties' proposed Consent Order and Judgment resolves all of the Acting Secretary's claims in the Complaint, by providing for monetary relief for Covered UDS Claims and Covered ER Claims. Further, the Consent Order and Judgment provides that UMR no longer uses the UDS Protocol or the True ER Policy and will not use them until and unless the relevant laws and regulations change to permit potential use of the UDS Protocol or the True ER Policy in the future. And if UMR believes that a change in the relevant law or regulation permits use of the UDS Protocol or the True ER Policy, UMR will provide notice to the Acting Secretary. As such, the Consent Order and Judgment meets this element.

F.     **There is No Improper Collusion or Corruption.**

A fourth factor courts consider is whether a consent order or consent judgment is "tainted by improper collusion or corruption." *Citigroup*, 752 F.3d at 295. There is no improper collusion or corruption here. Defendant UMR was represented by counsel and freely negotiated the terms of the Consent Order and Judgment with the Acting Secretary's counsel. A third-party mediator

7

presided over the multi-day mediation, and shortly after the mediation, the Consent Order and Judgment's terms were finalized. Accordingly, the proposed Consent Order and Judgment satisfies the fourth factor.

**G.    The Consent Order and Judgment is in the Public Interest.**

The parties' proposed Consent Order and Judgment serves the public interest. The Acting Secretary is charged with vindicating the broad, national public interest under ERISA. *Kwasny*, 853 F.3d at 95 (3d Cir. 2017); *Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F..3d 326, 340 (4th Cir. 2007); *S. Carolina Nat'l Bank*, 140 F.3d at 1424; *Beck v. Levering*, 947 F.2d 639, 642 (2d Cir. 1991); *Fitzsimmons*, 805 F.2d at 690-94; *Donovan v. Cunningham*, 716 F.2d 1455, 1462-63 (5th Cir.1983). The proposed Consent Order and Judgment is consistent with the purposes of ERISA and the Acting Secretary's duty to enforce its requirements in furtherance of such purposes.

**H.    The Consent Order and Judgment is Consistent with Governing Law**

The terms of a consent order or consent judgment must also be lawful. *Hiram Walker & Sons, Inc.*, 768 F.2d at 889. In cases alleging violations of ERISA, district courts have authority to grant appropriate relief. *See* ERISA §§ 409 and 502(a)(2) and (5), 29 U.S.C. §§ 1109 and 1132(a)(2) and (5). As addressed above, the Acting Secretary alleged UMR violated ERISA, which is within this Court's jurisdiction, the parties have agreed to the terms of the proposed Consent Order and Judgment. The parties agree that the proposed Consent Order and Judgment represents a full resolution of the claims in the Acting Secretary's Complaint. In summary, the proposed Consent Judgment is fair, reasonable, and lawful.

## IV. CONCLUSION

The Acting Secretary respectfully requests that the Court approve and enter the Consent Order and Judgment.

Respectfully submitted,

**EMILY H. SU**
Deputy Solicitor of National Operations, performing duties of the Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**JEFFERY S. ROGOFF**
Regional Solicitor

/s/Lydia J. Faklis

**LYDIA J. FAKLIS**
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Ste. 844
Chicago, IL 60604
Tel: 312-353-7837
faklis.lydia.j@dol.gov

**ROSEMARY ALMONTE**
Office of the Solicitor
U.S. Department of Labor
201 Varick St., Ste. 983
New York, NY 10014
Tel: 646-264-3668
almonte.rosemary@dol.gov

Attorneys for **VINCENT N. MICONE, III**, Acting Secretary of Labor, United States Department of Labor