UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **VINCENT N. MICONE, III,**[1] Acting Secretary of Labor, United States Department of Labor, | ) ) ) ) | **CIVIL ACTION NO. 23-CV-00513** |
| Plaintiff, | ) ) ) | District Judge William M. Conley |
| v. | ) ) | |
| UMR, INC., | ) ) | Magistrate Judge Anita M. Boor |
| Defendant. | ) ) | |

## CONSENT ORDER AND JUDGMENT

WHEREAS, Plaintiff Vincent N. Micone, III, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), filed a complaint against Defendant UMR, Inc. ("UMR"), under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, alleging breaches of its fiduciary responsibilities under ERISA § 404(a)(1)(B) and 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(B), 1104(a)(1)(D), and ERISA § 715, 29 U.S.C. §1185d, with respect to UMR's role as a third-party administrator and UMR's administration of certain claims for hospital emergency room services ("ER") and for urinary drug screening ("UDS"), and for violations of ERISA § 503, 29 U.S.C. § 1133, with respect to the adverse benefit determinations which resulted from UMR's processing of these claims;

WHEREAS, UMR waived service of process and filed a motion to dismiss the Complaint in lieu of an answer, UMR admits to the jurisdiction of this Court and over the subject matter of this action; and

---

[1] By operation of law, Vincent N. Micone, III is substituted *sub nom.* for former Acting Secretary of Labor Julie A. Su. *See* Fed. R. Civ. P. 25(d).

WHEREAS, upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment,

**IT IS THEREFORE ORDERED, ADJUDICATED, AND DECREED** that:

## I. GENERAL

1. The Court has jurisdiction over the parties to this Order and subject matter of this action and is empowered to provide the relief herein.

2. UMR shall pay or cause to be paid at least $20,250,000 (the "Minimum Amount"), plus such additional amounts as required by the terms below, to resolve the Acting Secretary's allegations and claims for relief as described in the Acting Secretary's Complaint.

3. In addition to these amounts, UMR shall pay civil penalties as described below in paragraphs 7-9 pursuant to ERISA § 502(*l*), 29 U.S.C § 1132(*l*).

## II. MONETARY RELIEF WITH RESPECT TO URINARY DRUG SCREENING CLAIMS

### A. Baseline Payments

4. Within 90 days of entry of this Consent Order and Judgment, UMR shall send or cause to be sent to each participant with a Covered UDS Claim and each participant who has designated a beneficiary with a Covered UDS Claim: (a) Baseline UDS Payments of $68.85 for each Covered UDS Claim, which will require each participant or beneficiary to agree to the terms of a release substantially in the form of the release already agreed upon by the parties (the "Release") as a condition of accepting and cashing any Baseline UDS Payments; and (b) a notice, substantially in the form of the notice already agreed upon by the parties, that explains the opportunity for each participant or beneficiary to submit a request for an Additional UDS Payment, as defined *infra*, paragraph 5, within 165 days of the entry of this Consent Order and Judgment. The parties have exchanged data and conferred and agreed upon the data and

methodology for identifying Covered UDS Claims. UMR will follow the agreed upon data and methodology as a term of this Consent Order and Judgment.

### B. Additional UDS Payments

5.  To be eligible for an Additional UDS Payment, each participant or beneficiary with a Covered UDS Claim must within 165 days of the entry of this Consent Order and Judgment submit the following materials (the "Additional UDS Materials"): (a) a request for an Additional UDS Payment; (b) an executed (i.e., signed) Release; (c) copies of canceled checks, credit card statements, or statements from any other financial institution, or receipts showing that they paid an out-of-pocket amount for the Covered UDS Claim to a provider or facility above the Baseline UDS Payment (an "Additional UDS Amount"); and (d) an affirmation under penalty of perjury that they paid an Additional UDS Amount. If the participant or beneficiary submits the Additional UDS Materials in the time frame provided in this paragraph, then within 300 days of entry of this Consent Order and Judgment, for each participant or beneficiary with coverage, UMR will issue or cause to be issued a payment to the participant or beneficiary for the Additional UDS Amount (an "Additional UDS Payment") of up to $103.27 per Covered UDS Claim, for a total of $172.12 per Covered UDS Claim between the Baseline UDS Payment and Additional UDS Payment.

6.  For each participant or beneficiary with a Covered UDS Claim who requests an Additional UDS Payment pursuant to paragraph 5 above but does not submit the Additional UDS Materials within the time frame required in paragraph 5 above, UMR will send or cause to be sent a notice setting forth a response to the participant or beneficiary within 300 days of entry of this Consent Order and Judgment.

### C. <u>502(*l*) Penalty</u>

7.      The Acting Secretary hereby assesses a penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), of 20% of the total "applicable recovery amount," which consists of the total payments issued pursuant to sections II(A)-(B) of this Order. The Acting Secretary agrees to reduce the amount of the penalty to 10% of the applicable recovery amount. Therefore, the Acting Secretary agrees to accept, as full satisfaction of the assessed penalty, the payment of 10% of the applicable recovery amount, i.e., 10% of the total payments issued pursuant to sections II(A)-(B) of this Order (the "Penalty").

8.      UMR hereby waives its right to a separate notice of assessment of the Penalty under ERISA § 502(*l*), the service requirement of 29 C.F.R. § 2570.83, and its right to seek any further reductions of or relief from the Penalty under ERISA § 502(*l*).

9.      Every 180 days after entry of this Consent Order and Judgment, UMR will pay the Penalty owed under ERISA § 502(*l*) for all payments made under Section II(A)-(B) up to that point. The Penalty payments shall be made through https://www.pay.gov and reference EBSA case number 99-000008(50).

### III. MONETARY RELIEF WITH RESPECT TO EMERGENCY ROOM SERVICES CLAIMS

10.     Within 210 days of entry of this Consent Order and Judgment, UMR will reprocess each Covered Emergency Room ("ER") Claim, for participants and beneficiaries of ERISA covered plans with active contractual relationships with UMR ("Current Plan Clients") and, for each reprocessed Covered ER Claim, will issue a payment to the provider or facility for the Covered ER Claim according to the terms of the individual ERISA-covered plan. The parties have conferred and agreed upon the data and methodology for identifying Covered ER Claims.

UMR will follow the agreed upon data and methodology as a term of this Consent Order and Judgment.

11. Concurrent with each payment in paragraph 10 above, UMR shall issue (a) a revised explanation of benefits to the participant; and (b) a notice to the relevant providers and facilities containing the following language: "If the patient account has already been paid in full or in part or otherwise has no balance due, please forward the balance of the payment to the patient." Participants who receive a revised explanations of benefits will have the appeals rights provided by their plan terms.

12. Within 90 days of entry of this Consent Order and Judgment, for ERISA-covered plans without active contractual relationships with UMR ("Former Plan Clients"), UMR shall send to all participants with Covered ER Claims and all participants who have designated beneficiaries with Covered ER Claims a notice, substantially in the form of the notice already agreed upon by the parties, that provides the opportunity for each participant or beneficiary to submit a request for reimbursement of out-of-pocket amounts paid to providers or facilities for a Covered ER Claim, and the materials required by paragraph 13 within 165 days of the entry of this Consent Order and Judgment. The parties have exchanged data and conferred and agreed upon the data and methodology for identifying Covered ER Claims. UMR will follow the agreed upon data and methodology as a term of this Consent Order and Judgment.

13. In order to receive payment, each participant or beneficiary of a Former Plan Client with a Covered ER Claim must within 165 days of entry of this Consent Order and Judgment submit the following ("Additional ER Materials"): (a) a request for reimbursement of out-of-pocket amounts paid to providers or facilities for Covered ER Claims; (b) an executed Release; (c) copies of canceled checks, credit card statements, or statements from any other

5

financial institution, or receipts showing that they paid an out-of-pocket amount (the "Proven ER Payment") for that Covered ER Claim; and (d) an affirmation under penalty of perjury that they paid the Proven ER Payment. If the participant or beneficiary submits the Additional ER Materials within the time frame required in this paragraph, then within 300 days of entry of this Consent Order and Judgment, UMR will issue or cause to be issued a payment amount for the Proven ER Payment up to $353.22 per Covered ER Claim directly to the participant or beneficiary.

14. For each participant or beneficiary of a Former Plan Client with a Covered ER Claim who requests a Proven ER Payment pursuant to paragraph 13 above but does not submit the Additional ER Materials within the time frame required in paragraph 13, UMR will send or cause to be sent a notice setting forth a response to the participant or beneficiary within 300 days of entry of this Consent Order and Judgment.

## IV. IMPLEMENTATION OF MONETARY RELIEF

15. UMR will charge the amount of the Baseline Payments, Additional UDS Payments, and monetary relief in Section III to its plan clients, consistent with Paragraph 2 above. UMR shall bear all administrative costs associated with the implementation of the monetary relief pursuant to this Order and shall not charge any administrative costs or other fees associated with the implementation of the monetary relief pursuant to this Order onto any plan client (current or past), participant, or beneficiary.

16. UMR shall notify each participant entitled to payments and/or notices in Section II and paragraphs 12-13 above by sending the notices required by paragraphs 4 and 12 using address information in its possession, address research using skip tracing databases, USPS's

6

NCOA database, and, if UMR does not have any address information for the participant, using free electronic search tools.

17. For avoidance of doubt, for each Covered UDS Claim and Covered ER Claim, only one participant or beneficiary will be eligible to receive a Baseline Payment, Additional UDS Payment, or Proven ER Payment (as applicable).

18. For participants or beneficiaries who receive the monetary relief described in Sections II(A)-(B) and paragraph 13 but do not cash their payment, UMR will escheat all uncashed payments to the State of the participant's last known residence according to UMR's protocol. For providers that do not cash their payment under paragraph 10, UMR will request that its plan clients escheat all uncashed payments to the State of the provider's last known mailing address or place of business, according to UMR's protocol and consistent with the governing plan documents.

19. If implementation of the Baseline Payments, Additional UDS Payments, and monetary relief in section III results in total payments of less than the Minimum Amount of $20,250,000, the parties will meet and confer to ensure that the total payments meet the Minimum Amount and are used for the benefit of participants and beneficiaries in accordance with the terms of this Consent Order and Judgment. UMR is responsible for ensuring the total payments in this paragraph meet the Minimum Amount.

20. UMR may require any participant or beneficiary that receives a payment under Sections II(A)-(B) or paragraph 13 to raise any disputes regarding a payment under Sections II(A)-(B) or paragraph 13 with the settlement administrator (which will be identified in all required notices to participants under this Consent Order and Judgment) within 30 days of receiving the payment or communication that prompts the dispute. If the settlement

administrator requests additional information, the participant or beneficiary must provide that information within 30 days. The settlement administrator will then make a decision on the dispute and notify UMR and the Acting Secretary within 15 days of the decision and will forward the information received by the settlement administrator related to the dispute. If either party, UMR or the Acting Secretary, determines the settlement administrator's decision is in violation of this Consent Order and Judgment, the party will object to the settlement administrator's decision by notifying the other party and the settlement administrator within 15 days of receipt of the settlement administrator's decision. The parties will meet and confer to resolve any objection raised by a party to the settlement administrator's decision pursuant to the procedure laid out in Paragraph 36 below. After the settlement administrator issues a decision following the procedures in this paragraph, the decision will not be subject to additional rounds of dispute resolution pursuant to this paragraph.

## V. DOCUMENTATION TO THE ACTING SECRETARY

21.     Within 30 days of the completion of mailing of all notices under Paragraphs 4 and 12, UMR shall provide to the Acting Secretary an attestation under penalty of perjury from a settlement administrator that, based on a reasonable inquiry and to the best of the attestor's knowledge, all notices were sent as required by Paragraphs 4 and 12.

22.     Every 90 days after entry of this Consent Order and Judgment until such time that UMR has fully complied with Sections II, III, and IV of the Consent Order and Judgment, UMR shall provide a quarterly status update to the Acting Secretary including the following claims information, as applicable, for Baseline UDS Payments, Additional UDS Payments, and Proven ER Payments: (a) original claim number/identifier; (b) date of service; (c) reprocessed claim number/identifier (if applicable); (d) name or other identifier of the participant or beneficiary; (e)

address of participant; (f) provider name; (g) national provider identifier (where available); (h) plan name or plan sponsor name; (i) plan sponsor's group number; (j) total amount paid; (k) network status (in network or out of network); (l) identification of payee (service provider, participant, or beneficiary that received the payment); (m) date payment is issued; (n) payment reference number (check #, ACH, wire reference number, or remittance advice identification number); and (o) status of payment (outstanding, date cleared, or date escheated to state and state identifier). For payments to providers or facilities under Paragraph 10, UMR shall provide the claims information in (a)-(d) and (f)-(n) and, for any such payments that UMR makes via ACH or wire, UMR shall provide the information in (o).

23. The Acting Secretary may, within 30 days of receiving the quarterly status update in paragraph 22, request the following information regarding a sample of payments that were represented as cleared in that status update but no more than 50 total per quarter: copies of the front and back of cancelled checks, wires, automated clearance house (ACH) transactions, and electronic funds transfers (EFTs) issued by the financial institution, or individual provider remittance advice for payments to providers. UMR shall provide the requested information within 60 days of the Acting Secretary's request. If discrepancies exist between the evidence that payment has cleared and the information provided in the quarterly status update, the Acting Secretary may request reasonable additional information and UMR will provide such information within 30 days of the Acting Secretary's request.

24. The Acting Secretary may, within 30 days of receiving the quarterly status update in paragraph 22, request a sample of revised explanations of benefits issued to participants under Paragraph 11 during that quarter, not to exceed 300 in total over the entire process of implementing this Consent Order and Judgment. UMR shall provide the requested sample of

9

revised explanations of benefits to the Acting Secretary within 60 days of receiving the Acting Secretary's request.

25. Every 90 days after entry of this Consent Order and Judgment until such time that UMR has fully complied with Sections II, III, and IV of the Consent Order and Judgment, UMR shall provide to the Acting Secretary an attestation under penalty of perjury from a UMR corporate representative (for payments under paragraph 10) or a settlement administrator with access to funding accounts (for payments under Sections II(A)-(B) and paragraph 13) that, based on a reasonable inquiry and to the best of the attestor's knowledge: (a) the compilations of information provided by UMR pursuant to paragraph 22 above accurately represent the number of claims for which payments were made, and the amount of the payments; (b) the payments were issued and cleared as represented; and (c) for payments under paragraph 10, those affected providers and participants, as identified in the information provided by UMR, were sent the notice (for providers) or explanation of benefits (for participants) for the reprocessed claims as required by paragraph 11.

26. All notices required to be delivered to the Acting Secretary shall be delivered to the Chicago Regional Director, United States Department of Labor, Employee Benefits Security Administration via a method to be agreed upon by the parties.

### VI. OTHER RELIEF

27. UMR represents that it no longer uses the "UDS Protocol" challenged in the Acting Secretary's Complaint, *see* Compl. ¶¶ 57-58, and will not use that protocol unless or until a change in the relevant law or regulations permits use of that protocol. If UMR believes that a change in the relevant law or regulation permits use of the UDS Protocol, UMR will provide the

Acting Secretary with 60 days' notice before the implementation of that protocol, to include a statement of the relevant law or regulation that permits use of the UDS Protocol.

28. UMR represents that it no longer uses the "True ER Policy" challenged in the Acting Secretary's Complaint, *see* Compl. ¶¶ 30-33, and will not use that policy unless or until a change in the relevant law or regulations permits use of that policy. If UMR believes that a change in the relevant law or regulation permits use of the True ER Policy, UMR will provide the Acting Secretary with 60 days' notice before the implementation of that policy, to include a statement of the relevant law or regulation that permits use of the True ER Policy.

29. The present Consent Order and Judgment represents a full, final and complete resolution of all of the claims alleged in the Acting Secretary's Complaint against UMR and the investigation incident thereto, and the related civil penalty claims under ERISA § 502(*l*) based on payments by UMR under this Order. Except as set forth herein, the Acting Secretary hereby releases all actions, claims, and demands that she has or may have against UMR, and each of its past and present agents, attorneys, trustees, consultants, representatives, servants, partners, principals, officers, directors, shareholders, members, employees, employers, parents, affiliates, subsidiaries, joint venturers, insurers, current and former plan customers or clients, predecessors, successors, spouses, in-laws, dependents, children, grandchildren, heirs yet unborn, executors, administrators, heirs, and assigns that are based upon, relate to, or arise out of the allegations in the Acting Secretary's Complaint, the maintenance of this action, and the investigation that gave rise to the Acting Secretary's Complaint.

30. Neither this Consent Order and Judgment, nor any act performed or document executed pursuant to or in furtherance of this Consent Order and Judgment, is or may be deemed to be or may be used or construed as an admission of or denial of the validity of any of the

claims released pursuant to paragraph 29, or of any wrongdoing or liability by the parties released in paragraph 29.

32. The Acting Secretary acknowledges that UMR provided confidential information throughout the course of the investigation and litigation, and that such confidential information is subject to the protective order in this case, and the Acting Secretary will treat it as confidential (Dkt. 24-1). The Acting Secretary further agrees that UMR provided confidential information to facilitate settlement negotiations and the negotiation of this Consent Order and Judgment. The Acting Secretary agrees that this confidential information is subject to Federal Rule of Evidence 408 and the protective order in this case (Dkt. 24-1), and that information exchanged as part of the parties' mediation process is also subject to the mediation confidentiality agreement.

32. The Acting Secretary and UMR shall each bear their own costs, expenses, and fees (including expert fees and attorney fees) in connection with this action and any investigation incident thereto.

33. UMR specifically releases the Acting Secretary and her officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under the Equal Access to Justice Act ("EAJA") or any statute, rule or regulation, that are based upon or arise out of the filing, prosecution, and maintenance of this action and any investigation incident thereto.

## VII. OTHER TERMS

34. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

35. UMR reserves the right to work with a settlement administrator, at its own expense, to carry out UMR's notice, payment, and reporting obligations under this Consent

Order and Judgment. Within 30 days of engaging a settlement administrator, UMR will notify the Acting Secretary of the settlement administrator's contact information. UMR agrees that it is UMR's ultimate responsibility that the settlement administrator has properly carried out any notice, payment, and reporting obligations that are required under this Consent Order and Judgment.

36. If either party to this Consent Order and Judgment in good faith believes the other party materially violated a material term of this Order, that party shall provide written notice ("Notice"), via either overnight courier or electronic mail, and to its counsel at the address set forth below, or at such other address that the Acting Secretary or UMR (as applicable) specifies in writing, with a detailed description of the alleged violation. The parties agree to meet and confer in good faith to attempt to resolve the alleged violation no later than 60 days following receiving party's receipt of the Notice. If any disputes remain following this meet and confer process, the party that sent the Notice may seek relief from this Court.

37. The parties understand that the Court will close this case on its docket.

38. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

39. Only the Acting Secretary and UMR may seek enforcement of this Consent Order and Judgment. Nothing in this Consent Order and Judgment permits any non-parties to this action (including participants, beneficiaries, and providers) to seek enforcement of this Consent Order and Judgment, or to contest this Consent Order and Judgment.

40. The Court finds that there is no just reason to delay the entry of this Consent Order and Judgment and, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, expressly directs the entry thereof as a final order and judgment.

DATED 3/19/2025, 2025

_____
WILLIAM M. CONLEY
UNITED STATES DISTRICT JUDGE

The parties hereby consent to the entry of this consent order and judgment:

FOR THE ACTING SECRETARY:

**EMILY H. SU**
Deputy Solicitor of National Operations, performing duties of the Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**JEFFERY S. ROGOFF**
Regional Solicitor

/s/Lydia J. Faklis
**LYDIA J. FAKLIS**
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Ste. 844
Chicago, IL 60604
Tel: 312-353-7837
faklis.lydia.j@dol.gov

**ROSEMARY ALMONTE**
Office of the Solicitor
U.S. Department of Labor
201 Varick St., Ste. 983
New York, NY 10014
Tel: 646-264-3668
almonte.rosemary@dol.gov

Attorneys for **VINCENT N. MICONE, III**, Acting Secretary of Labor, United States Department of Labor

FOR UMR, INC.:

/s/Scott Hogan
By Scott Hogan
Its CEO

/s/Derek K. Kraft
**GEOFFREY M. SIGLER**
**ANDREW G.I. KILBERG**
**DEREK K. KRAFT**
GIBSON, DUNN & CRUTCHER LLP
1700 M St., NW
Washington, D.C. 20036
Tel: (202) 955-8500
gsigler@gibsondunn.com
akilberg@gibsondunn.com
dkraft@gibsondunn.com

**KEVIN M. ST. JOHN**
BELL GIFTOS ST. JOHN LLC
5325 Wall Street, Suite 2200
Madison, WI 53718
Tel: (608) 216-7990
kstjohn@bellgiftos.com

Attorneys for **UMR, INC.**

Entered this 19th day of March, 2025.

By: s/ J. Smith, Deputy Clerk
Joel Turner, Clerk of Court